■ ZOYA ALPEROVICH et al., Appellants, v LONDON COTTAGES, LTD., Respondent. [739 NYS2d 726] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Gigante, J.), entered December 19, 2000, which, upon a jury verdict in favor of the defendant and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs allege that the injured plaintiff tripped and fell on a pathway on the defendant's property due to insufficient

lighting and inadequate maintenance of the pathway. At trial, the Supreme Court admitted a hospital record into evidence which contained an entry stating that the injured plaintiff fell on a porch, and the court allowed the nurse who made the entry to read this information to the jury. However, after considering that the nurse was unable to identify the third party who translated the statements of the injured plaintiff, who spoke only Russian, the court struck the hospital record from evidence and instructed the jury to disregard it as well as the nurse's testimony regarding the hospital record. The jury rendered a verdict in favor of the defendant.

Contrary to the plaintiffs' contention, any prejudice due to the erroneous admission and subsequent withdrawal of evidence concerning the hospital record was harmless error in light of the curative instructions given to the jury (*see, Simoncini v Krueger Intl.,* 259 AD2d 745, 746). Moreover, since the plaintiffs' testimony and other evidence was contradictory, the jury was entitled to discredit it (*see, Simoncini v Krueger Intl., supra*). Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.